UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                                 Chapter 11

Parkchester Oral and Maxillofacial Surgery       Case No. 23-11015-mew
Associates, P.C.,

         Debtor.

------------------------------------------------------------X

Parkchester Oral and Maxillofacial Surgery       Adv. Proc. No.
Associates, P.C.,

         Plaintiff,                                      Complaint

     - against -

TD Bank, N.A. and U.S. Small Business
Administration,

         Defendants.

------------------------------------------------------------X

        Parkchester Oral and Maxillofacial Surgery Associates, P.C., Chapter 11 Debtor and Debtor in Possession, herein ("Plaintiff" or "Debtor"), by its attorneys, Weinberg, Gross & Pergament LLP, as and for its Complaint herein, respectfully alleges and represents to this Court as follows:

## NATURE OF THE ACTION

        1.     Plaintiff brings this action seeking, *inter alia*, to determine the validity, priority and extent of the liens of Defendant, T.D Bank, N.A. ("TD Bank") and Defendant, U.S. Small Business Association ("SBA"); and for such other and further relief as to this Court is just and proper.

## JURISDICTION AND VENUE

2. This action arises under Rules 3007, 6009 and 7001(a)(2) of the Federal Rules of Bankruptcy Procedure and Sections 11 U.S.C. Sections 502(b), 506(a), 506(d) of the Bankruptcy Code.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the pending Chapter 11 case of the Debtor.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

5. This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. On June 28, 2023 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

7. As of this date, the Debtor has remained in possession and management of its properties and affairs.

8. No trustee, hearing examiner or creditors committee has been appointed in this case.

9. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this Chapter 11 case, the Debtor, its estate and this Adversary Proceeding pursuant to 28 U.S.B.C. §§ 157 and 1334. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b).

10. The Plaintiff consents to the entry of a final judgment or order with respect to this Adversary Proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

11. The statutory predicates for the relief requested herein are section 502(b), 506(a) and 506(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and

701(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and New York U.C.C. Sections 9-312(b) and UCC 9-314.

**FACTUAL BACKGROUND**

12. By Order of the Bankruptcy Court entered on July 21, 2023 (Docket Item # 24), the bar date for non-governmental creditors to file a proof of claim against this Bankruptcy Estate was set by the Clerk of the Bankruptcy Court for September 8, 2023.

**A. CLAIM OF TD BANK, N.A.**

13. Prior to the Debtor's Bankruptcy filing, the Debtor entered into a consensual note and security agreement with Defendant, T.D. Bank, which was perfected by T.D. Bank filing a UCC-1 Article 9 financing statement with the Secretary of State's Office for the State of New York on or about April 24, 2014. T.D. Bank thereafter filed a U.C.C.-3 continuation statement with the Secretary of State's Office on February 7, 2019, pursuant to N.Y. UCC 9-515(d).

14. According to the description of the Debtor's collateral encumbered by T.D. Bank's lien, T.D. Bank claimed a security interest in and to all of the Debtor's assets, including but not limited to the Debtor's accounts, deposit accounts, instruments, general intangibles and inventory and equipment.

15. On or about September 1, 2023, T.D. Bank filed Proof of Claim # 6-1 in this case as a secured claim in the sum of $538,962.41.

16. According to the Debtor's petition and schedules, at the time of the Debtor's Chapter 11 filing, the Debtor had an ownership interest in the following assets, consisting of $20,000.00 on deposit in its bank accounts; $105,000.00 in collectible accounts receivable, and $2,500.00 in miscellaneous furnishings. The Debtor's equipment is encumbered by purchase money security interests and the amount of those liens exceed the value of this equipment. The

total value of the Debtor's personalty which could be encumbered by T.D. Bank's lien as of the Filing Date would be no more than $127,500.00.

17. Specifically, the Debtor's CBCT Scanner is valued at $30,000.00. The Debtor's Trios Digital Scanner is valued at $10,000.00, and personal computers and servers are valued at $2,000.00. The CBCT Scanner is encumbered by a lien in favor of U.S. Bank, N.A., which holds a UCC-1 Article 9 security interest in this particular collateral and is owed $52,056.80 as per its Proof of Claim filed with the Bankruptcy Court on August 1, 2023.

18. The Trios Digital Scanner is encumbered by a lien in favor of Highland Capital Corporation, which holds a purchase money security interest in this collateral and is owed $17,997.12 as per its Proof of Claim filed with the Bankruptcy Court on July 7, 2023. Thus, T.D. Bank's lien would not attach to this equipment, in that they were financed and encumbered by other creditors of the Debtor and T.D. Bank's lien is subordinate to those liens.

19. Pursuant to 11 U.S.C. Section 502(a), unless a party in interest objects, a Proof of Claim is deemed allowed. Moreover, pursuant to Bankruptcy Rule 3001(f), a proof of claim executed according to these rules shall constitute prima facie evidence of the validity and amount of that creditor's claim.

20. According to T.D. Bank's Proof of Claim, T.D. Bank is owed $538,962.41 on its secured Proof of Claim. However, the value of the Debtor's collateral as of the Filing Date was only $127,500.00.

21. Moreover, TD Bank has asserted a UCC-1 security interest in and to the Debtor's deposit accounts. A deposit account is defined under U.C.C. 9-102(29) as a demand, time, savings, passbook, or similar account maintained with a bank. According to the Debtor's petition and schedules, the Debtor had a bank account with balances on deposit as of the Filing Date in the sum of $20,000.00.

22. Pursuant to UCC 9-312(b)(1), a security interest in a deposit account may be perfected only by control under UCC Section 9-314. With regards a deposit account, "control" is defined under U.C.C. 9-104 as, *inter alia*, where the secured party is the bank with which the deposit account is maintained. Prior to the Filing Date, the Debtor's pre-petition bank account was maintained with the Bank of America under account numbers ending in 1106 and 4286, not with TD Bank. As such, TD Bank's security interest in the balance on deposit in the Debtor's bank account in the sum of $20,000.00 was not properly perfected under U.C.C. Section 9-312(b)(1), in that TD Bank did not have control over this deposit account.

23. Pursuant to 11 U.S.C. Section 506(a)(1) an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.

24. The aggregate amount of TD Bank's secured claim as per its Proof of Claim as of the Filing Date was $538,962.41. However, the most that TD Bank's security interest in the Debtor's collateral would attach to would be $109,500.00, consisting of the collectible accounts receivable in the sum of $105,000.00, miscellaneous furnishings in the sum of $2,500.00 and personal computers and servers in the amount of $2,000.00. Predicated upon same, TD Bank's secured Proof of Claim 6-1 should be reclassified as a secured claim in the sum of $109,500.00, with the balance of the claim reclassified as a general unsecured claim in the sum of $429,462.41 in accordance with 11 U.S.C. Section 506(a).

**B. CLAIM OF U.S. SMALL BUSINESS ADMINISTRATION**

25. Prior to the Filing Date, the Debtor had entered into a consensual note and security agreement with Defendant, SBA. The SBA perfected its security interest against the

Debtor by filing a UCC-1 Article 9 Financing Statement with the New York Secretary of State's Office on May 6, 2020. The SBA also has a blanket lien against the Debtor's assets.

26. On or about July 31, 2023, the SBA filed Proof of Claim # 2-1 against this Bankruptcy Estate as a secured claim in the sum of $532,707.40.

27. As set forth herein, T.D. Bank previously perfected its UCC-1 security interest against the Debtor on April 24, 2014, and thereafter filed a timely U.C.C.-3 Continuation Statement with the Secretary of State's Office on February 7, 2019. Accordingly, the UCC-1 of the SBA is junior in priority to the Article 9 security interest in favor of TD Bank pursuant to New York UCC 9-322(a)(1).

28. Moreover, there is no collateral of the Debtor for the SBA's consensual lien to attach to, in that any collateral owned by the Debtor as of the Filing Date is completely encumbered by the prior consensual lien in favor of the Defendant, T.D. Bank. Accordingly, the SBA is completely unsecured under 11 U.S.C. Section 506(a).

29. Thus, the entire Proof of Claim # 2-1 of the SBA in the sum of $532,707.40 should be reclassified from a secured claim in the sum of $532,707.40 to a secured claim in the amount of $0.00 and a general unsecured claim in the sum of $532,707.40. The secured claim of the SBA should be fixed at $0.00 in accordance with 11 U.S.C. Section 506(d), with its claim in the sum of $532,707.40 treated as a general unsecured claim.

30. Additionally, pursuant to the Final Cash Collateral Order entered by this Court on September 7, 2023 (Docket Item # 44), the Debtor was to make adequate protection payments to T.D. Bank in the sum of $12,000.00 per month and adequate protection payments to the SBA in the sum of $2,437.00 per month for use of their cash collateral.

31. Thus, the Debtor also requests that all payments made by the Debtor to both T.D. Bank and the SBA from the Filing Date to the entry of an order confirming a Chapter 11 Plan

of Reorganization be deemed an advanced distribution with respect to their general and secured claims.

WHEREFORE, the Debtor, Parkchester Oral and Maxillofacial Surgery Associates, P.C., respectfully requests that its Application for the entry of an Order and Judgment: (i) reclassifying Proof of Claim 6-1 filed by the Defendant, T.D. Bank, N.A. in the sum of $538,962.41 from a secured claim in the amount of $538,962.41 to a secured claim in the sum of $109,500.00 and a general unsecured claim in the amount of $429,462.41 pursuant to 11 U.S.C. Sections 502(b), 506(a), 506(d) and Bankruptcy Rule 3007; (ii) reclassifying Proof of Claim 2-1 filed by the Defendant, U.S. Small Business Administration in the sum of $532,707.40 from a secured claim in the sum of $532,707.40 to a secured claim in the amount of $0.00 and a general unsecured claim in the amount of $532,707.40 pursuant to 11 U.S.C. Sections 502(b), 506(a), 506(d) and Bankruptcy Rule 3007; (iii) directing that any and all payments made by the Debtor to both TD Bank, N.A. and the U.S. Small Business Administration SBA since the Filing Date through the entry of an Order confirming the Chapter 11 plan of reorganization be deemed an advanced distribution with respect to their general and secured claims and (iv) granting such other and further relief as to this Court is just and proper to be granted.

Dated: Garden City, New York
       October 27, 2023

                                 Weinberg, Gross & Pergament LLP
                                 Attorneys for Debtor and Debtor-in-Possession

By: _____
                                 Marc A. Pergament
                                 400 Garden City Plaza, Suite 309
                                 Garden City, New York 11530
                                 (516) 877-2424 ext. 226